IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GUILLERMO DEJESUS NAVARRETE-MONTANA, | ) ) ) | |
| Plaintiff,[1] | ) ) ) | |
| v. | ) ) | CV 314-022 |
| THE UNITED STATES ATTY GRL OF THE US, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* in the above-captioned case and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions to proceed IFP be **DENIED AS MOOT** (doc. nos. 1, 6), this complaint be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

I.   **BACKGROUND**

Plaintiff names a multitude of Defendants over seven pages of his complaint, including:   the United States of America; all "states, territories, federal district[s],

---

[1] Because Petitioner asserts a civil rights claim pursuant to 42 U.S.C. § 1983, and incorrectly utilized the form for habeas corpus petitions filed under 42 U.S.C. § 2241, the **CLERK** is **DIRECTED** to correct the caption of the case to reflect plaintiff and defendants and to correct the docket by designating the initial filing as a complaint rather than a petition.

governmental branches, agencies, instrumentalities (including US-chartered organization[s], among them, United Nations, the International Court of Justice, and the North Atlantic Treaty Organization), officials, citizens, and taxpayers" that make up the United States; all "presidents, congress, and judiciary members" since the founding of the United States; "all persons arising under the constitution of the United States and its provisions;" the Attorney General of the United States; the Secretary of State of the United States; Michelle Lynn Meadows; Anthony Andrew Kjellgren; and Jason D. Medlin, Warden at Wheeler Correctional Facility. (Doc. no. 2, pp. 11-17.) Plaintiff also wishes to have two "Defendant Classes" certified, (1) "a class of persons . . . who have been persecuted formerly and who have engaged in dealings with, aided, or abetted the United States" and (2) an "active core-persecutorial [sic] base or class of persons formed by generally, all white-, Angloamerican-, God-fearing-, citizens of the United States, acting under the appearance of authority, office, color of law or with the assistance thereof." (Id. at 11-12.)

Plaintiff alleges that he and other "Aliens," including "his minor son 'SM,'" which he wishes to have certified "as a class of persecuted persons by the US," are being "deprived of their constitutional rights, in general, by the US society, pursuant to a practice or pattern of harassment and intimidation." (Id. at 6, 9-10.) Plaintiff alleges that two forms of persecution are occurring. (See generally id.) First, there is a "general US" persecution, which consists of:

> an invasive, oppressive, belligerent, fairly-technologically-sophisticated, highly superstitious, persecutorial [sic] foreign human Anglo-white race in my turf that has kept my ancestors and me at bay under harassment and intimidation, especially under a US-establishment-, founding-, continuing, current and ongoing persecution, since its inception in this American Continent, in subversion of its own treaties, laws, and constitution.

(Id. at 4-5.) This general persecution involves "various terrorist activities such as slavery, genocide, ethnic cleansing, mass human displacement by force, illegal wars, illegal treaties, illegal territorial occupations, mass banishments, mankind hunting." (Id. at 5.)

Second, Plaintiff alleges that there is a "special US persecution" which consists of him and his son "being singled out for persecutorial [sic] and terrorist activities." (Id.) This persecution arose in New York City, New York around 1996 when Defendant Meadows, Kjellgren, and "other white-, Anglo-American- US citizens" "singled" him and his son out. (Id.) This persecution "expanded across interstate and international borders" and continued in 1999 in the state of Georgia. (Id.) This persecution allegedly continued with the aforementioned Defendants adjudicating a "fraudulent divorce decree." (Id. at 18.)

Plaintiff states that, despite his use of the § 2241 form, he has "a problem adequating [sic] [his] filing under the court provided forms." (Id. at 6.) Additionally, he refers to himself as both plaintiff and petitioner. (Id. at 9.) Plaintiff seeks to either be placed in the "Federal Relocation and Witness Protection Program" with his son so that they may be witnesses in this suit, or, in the alternative, wishes that he be granted United States citizenship. (Id. at 6.)

## II. DISCUSSION

### A. Nature of the Petition.

District courts have an obligation to look behind the label of a pro se inmate's motion to determine whether the motion is "cognizable under a different remedial statutory framework." United States v. Mercado, CR295-06, 2011 WL 2446389, at *1 (S.D. Ga. May 16, 2011) *report and recommendation adopted*, CR295-06, 2011 WL 2447283 (S.D. Ga. June 15, 2011) (citing United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990)); see

also Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) (approving practice of looking beyond the title of a document in order to properly analyze its substance). "The line of demarcation between a § 1983 civil rights action and a . . . habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the form that Plaintiff utilized to state his claim bears the title of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the filing is obviously a civil rights action because he is alleging that he is being denied his constitutional rights by the United States under a "practice or pattern of harassment and intimidation." (Doc. no. 2, p. 10.) Plaintiff does not challenge the fact or duration of his imprisonment by attacking the validity of his convictions. Indeed, Plaintiff is challenging the validity of his state court convictions with a petition for writ of habeas corpus in the Middle District of Georgia. See Guillermo v. Medlin, 3:14-cv-24, doc. no. 8 (M.D. Ga. Mar. 12, 2014). Therefore, the Court hereby construes the filing as being a civil rights action under 42 U.S.C. § 1983.

**B.    Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### C. Plaintiff's Complaint Fails to State a § 1983 Claim.

Plaintiff's outlandish allegations fail to state a claim under § 1983. Under § 1915, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation and quotation omitted). Complaints "describing fantastic or delusional scenarios" are thus correctly deemed frivolous. Id.; Delaney v. O'bama, 11-61444-CIV, 2011 WL 2600681, at *1 (S.D. Fla. June 30, 2011) (dismissing as frivolous on their face allegations that president and vice president of United States arranged to have the plaintiff "jumped by two Hawaiians in his sleepingbag" and poisoned). The Eleventh Circuit has also explained that a complaint is frivolous when it appears the plaintiff has "little or no chance of success." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010); Carter v. Ingalls, F. Supp. 834, 836 (S.D. Ga. 1983) (Bowen, J.) (citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974) (dismissing claim for its "patent lack of merit and want of realistic chances of ultimate success").

Here, Plaintiff claims that his rights and those of all "Aliens" in the United States have been violated pursuant to a general domestic and international persecution by an endless number of Defendants, stemming back to the founding of the United States. The special persecution of Plaintiff and his son apparently stems from them being "singled out" under the general persecution. Not only should these outlandish accusations be dismissed for their patent lack of merit and want of realistic chances of success, but also because Plaintiff offers mere conclusions that these persecutions are occurring without supplying any factual

enhancement. Bilal, 251 F.3d at 1349; Iqbal, 556 U.S. at 678. Thus, this case is patently frivolous and should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions to proceed IFP be **DENIED AS MOOT** (doc. nos. 1, 6), this complaint be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of April, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA